UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMCO Insurance Company,<br><br>    Plaintiff<br><br>v.<br><br>Thomas Bacon and Michele Paunessa-Bacon,<br><br>    Defendants | 2:16-cv-00543-JAD-PAL<br><br>**Order Denying Motion<br>for Judgment on the Pleadings**<br><br>[ECF No. 16] |
| Thomas Bacon,<br><br>    Counterclaimant<br><br>v.<br><br>AMCO Insurance Company,<br><br>    Counterdefendant | |

   This lawsuit arises from Thomas Bacon's allegation that AMCO Insurance Company acted in bad faith when it refused to settle his car-accident claim within the $300,000 policy limit after he was rear-ended by an AMCO insured. Bacon theorizes that AMCO's refusal of his policy-limits demand was so unreasonable that this insurer is now on the hook for the full $2.6 million verdict that the jury awarded him at the trial against the AMCO insured. AMCO initiated this action, seeking a declaration that its demand refusal was reasonable; Bacon countersued for breach of contract, bad faith, and violations of Nevada's unfair claim practices act—all claims that the AMCO insured had assigned to him.

   AMCO now moves for judgment as a matter of law under FRCP 12(c), arguing that its conduct as alleged in the complaint and counterclaim was objectively reasonable as a matter of law. Because the reasonableness of AMCO's conduct is subject to debate, I deny its motion for judgment on the pleadings.

**Discussion**

"Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law."[1] All factual allegations in a complaint must be construed in the light most favorable to the nonmoving party.[2] When a plaintiff moves for judgment on the pleadings, its allegations that "have been denied are assumed to be false."[3]

Bad faith is "an actual or implied awareness of the absence of a reasonable basis for denying benefits of the insurance policy."[4] The Nevada Supreme Court has explained that "a jury question on insurer's bad faith arises when relevant facts are in dispute or when facts permit differing inferences as to the reasonableness of insurer's conduct."[5] AMCO contends that "[t]he only conceivable way" it "could be held liable for the entire judgment" that Bacon won against its insured "would be if AMCO is found to have *unreasonably* rejected Bacon's" policy-limits demand. That cannot happen, it argues, "for two simple reasons": (1) Bacon's demand did not contemplate a full release of claims; and (2) the information Bacon offered in support of his demand "did not indicate there was a substantial likelihood that he would be able to recover a verdict" exceeding the $300,000 policy limit.[6]

**A.     Whether the demand letter contemplated a full release is an issue of fact.**

Whether Bacon's policy-limits demand contemplated a full release of claims is subject to reasonable dispute. The demand letter explained that counsel were "prepared to settle this matter

---

[1] *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011).

[2] *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

[3] *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

[4] *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009) (quoting *Am. Excess Ins. Co. v. MGM*, 729 P.2d 1352, 1354–55 (Nev. 1986)).

[5] *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989).

[6] ECF No. 16 at 1 (emphasis original).

on behalf of Thomas Bacon, fully and finally, for ALL APPLICABLE POLICY LIMITS."[7] Citing California case law, AMCO argues that an insurer may in "good faith[] reject a settlement offer that does not include a complete release of all of its insureds," and this was just such a settlement offer.[8] Bacon responds that "[i]t is implicit that a Full and Final Settlement will include Plaintiff signing a release of claim once a settlement is reached."[9] Construing the statement in the letter in the light most favorable to Bacon, I can reasonably infer that to settle "fully and finally" includes a full release of all claims. So I cannot conclude, as AMCO asks me to, that the allegations in the pleadings clearly establish that the demand letter was unreasonable because it failed to offer a release of claims.

### B. The factual allegations could also support the conclusion that Bacon's recovery would exceed the policy limit.

Also subject to debate is whether AMCO reasonably concluded that it was unlikely that Bacon could convince a jury that his claim was worth more than the $300,000 policy limit. The July 25, 2008, demand letter explained that Bacon had already incurred $42,113.96 in medical bills and that doctors were recommending another $206,400 in surgeries, for a total of almost $250,000 in medical bills.[10] Even a modest additional award for pain and suffering and lost wages would crack the policy's $300,000 ceiling.

AMCO argues that it was not clear from the backup documentation provided with the demand letter that Bacon would be likely to incur the additional $200,000+ in medical bills because there was no evidence that Bacon intended to undergo the recommended surgeries. In fact, it contends, the letter from Dr. Kabins in which the bulk of the surgical recommendations were made states that Bacon had not scheduled any of the surgeries and "continues with

---

[7] ECF No. 1-17 at 2 (emphasis original).

[8] ECF No. 18 (quoting *Strauss v. Famers Ins. Exch.*, 31 Cal. Rptr.2d 811, 814 (Cal. Ct. App. 1994)).

[9] ECF No. 19 at 8.

[10] ECF No. 1-17 at 2.

supportive care services/conservative care," and the letter from Dr. Lanzkowsky about the other surgery noted that Bacon did not want to have the surgery "because he didn't want to take time off from work."[11]

But when I construe the doctors' statements in the light most favorable to Bacon[12] as I must in deciding this motion, I can reasonably infer that although Bacon may not have yet scheduled these surgeries, he would need to in the future. Dr. Kabins explained in his letter that the car accident "has led to a significant aggravation and worsening of" a pre-existing condition, and Bacon "does likely have a cervical lesion in the cervical and lumbar spine," "leading him to be" a candidate or potential candidate for the recommended surgeries.[13] That Bacon would need and seek these recommended surgeries in the future is a reasonable inference that I can draw from the backup materials. I thus cannot agree with AMCO that the facts as pled lead me to the singular conclusion that "the information Bacon provided to AMCO clearly indicated that he would *not* incur the claimed future medical expenses."[14] AMCO is therefore not entitled to judgment on its declaratory relief claim or on Bacon's breach-of-contract or bad-faith claims.

**C.    AMCO is not entitled to judgment as a matter of law on Bacon's NRS 686A.310 claim because the reasonableness of its conduct remains in dispute.**

Bacon's final counterclaim alleges that AMCO violated Nevada's Unfair Claims Practices Act, NRS 686A.310.[15] The statute makes it "an unfair practice" to fail "to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become

---

[11] ECF No. 16 at 27–28 (citing ECF No. 1-24 at 17).

[12] The demand letter and its supporting backup materials were attached to and incorporated into AMCO's complaint, *see* ECF No. 1, so I consider them in deciding this motion.

[13] ECF No. 1-24 at 16.

[14] ECF No. 16 at 26.

[15] ECF No. 9 at 14.

reasonably clear," among other things.[16] AMCO argues that "the undisputed facts . . . demonstrate that from January 22, 2007, through June 6, 2008, AMCO repeatedly contacted Bacon's attorneys to try and obtain information about Bacon's injury claim," to no avail.[17] But these allegations are disputed: Bacon denies the phone-call history catalogued in AMCO's complaint, along with AMCO's allegation that Bacon refused to give the insurer a medical authorization to collect his records, so I must take those allegations[18] as false.[19]

AMCO also contends that "Bacon has no factual basis to contend that AMCO did not attempt a 'fair and equitable' settlement of his claims." As a preliminary matter, the circumstances surrounding Bacon's settlement demand are somewhat troubling. Its "time-sensitive" nature weighs in favor of finding Bacon's demand unreasonable and AMCO's denials thus reasonable. The July 25, 2008, letter (received by AMCO on August 6, 2008) gave the insurer just a week to evaluate its 145 pages of medical records and recommendations and policy-limits demand.[20] Bacon's counsel ultimately granted AMCO's request to extend that deadline, and AMCO ultimately responded with a $115,000 settlement offer.[21] Plaintiff's counsel rejected that offer and gave AMCO only three days to respond. As the Ninth Circuit suggested when affirming summary judgment on a bad-faith claim in this district, demands with unreasonable time limits—particularly those that do not afford insurers "sufficient information with which to evaluate" a claim—are not "reasonable settlement offer[s]."[22]

---

[16] Nev. Rev. Stat. § 686A.310(1)(e).

[17] ECF No. 16 at 31.

[18] ECF No. 1 at ¶¶ 27–34, 37, 39 (denied at ECF No. 9).

[19] *Hal Roach Studios*, 896 F.2d at 1550.

[20] ECF No. 1, ¶ 40; ECF No. 1-17 at 2–3 (letter).

[21] ECF No. 1, ¶ 63; ECF No. 9, ¶ 19.

[22] *Hicks v. Dairyland Ins. Co.*, 441 Fed. App'x. 463, 465–66 (9th Cir. 2011) (unpublished) (affirming 2010 WL 2541175 (D. Nev. Mar. 3, 2010) and collecting cases in which courts have

If I could credit AMCO's allegations that its claim representative called Bacon's attorney half a dozen times requesting updates and additional information about Bacon's medical treatment in the 15 months prior to the first policy-limits demand letter, to no avail, these facts would bolster the inference that the settlement demand itself was not reasonable. But I can't. And, as I also explained above, the demand letter and its attachments, when properly construed in the light most favorable to Bacon, give rise to inferences that suggested that Bacon would recover more than $300,000. "[T]he reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact,"[23] and this case is no exception. Because I cannot say that there is no material issue of fact on the face of the pleadings about the reasonableness of AMCO's conduct, this insurer is not entitled to judgment as a matter of law on Bacon's NRS 686A.310 claim either.[24]

. . .

---

found two-week and 10-day time limits for settlement demands "unreasonable"); *see also AAA Nev. Ins. Co. v. Vinh Chau*, 808 F. Supp.2d 1282, 1288 (D. Nev. 2010) (holding that time-sensitive "demand letter was itself unreasonable and appears to be nothing more than an attempt to set up a potential bad faith claim").

[23] *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002) (quoting *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 108 Cal. Rptr. 2d 776, 784 (Cal. Ct. App. 2001)).

[24] AMCO argues in its reply that Bacon did not specifically address its request for judgment on the NRS 686A.310 claim, so judgment must be entered on that claim at a minimum. ECF No. 21 at 14–15. Because the touchstone for all claims in this case is the reasonableness of AMCO's claim-handling conduct, and Bacon plainly disputes that, I do not agree that Bacon is conceding 12(c) relief on its NRS 686A.310 claim. The same inferences that prevent judgment on the pleadings on the declaratory-relief, breach-of-contract, and bad-faith claims preclude 12(c) relief on this final claim, too.

**Conclusion**

IT IS THEREFORE ORDERED that AMCO Insurance Company's Motion for Judgment on the Pleadings, or in the Alternative, Partial Judgment on the Pleadings **[ECF No. 16] is DENIED.**

DATED: March 1, 2017

_____
Jennifer A. Dorsey
United States District Judge